NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MADEQ DEANDRE YAZID-MAZIN,

Plaintiff,

v.

KENNETH MCCORMICK, et al.,

Defendants.

Civil Action No. 13-5783 (FLW)

OPINION

**APPEARANCES**:

> MADEQ DEANDRE YAZID-MAZIN, #687
> Middlesex County Adult Correctional Center
> P.O. Box 266
> New Brunswick, NJ 08903
> Plaintiff *Pro Se*

**WOLFSON, District Judge**:

Madeq Deandre Yazid-Mazin, [1] a pretrial detainee at Middlesex County Adult Correctional Center ("MCACC"), seeks to file a Complaint without prepayment of the filing fee. This Court will grant his application to proceed *in forma pauperis*. For the reasons expressed in this Opinion and, as required by 28 U.S.C. § 1915(e)(2)(B), this Court will dismiss the federal claims raised in the Complaint, without prejudice to the filing of an amended complaint asserting a cognizable claim under 42 U.S.C. § 1983. The Court will decline supplemental jurisdiction over claims arising under state law.

---

[1] Madeq Deandre Yazid-Mazin is also known as Andre Johnson. *See* Complaint, Attachments, ECF No. 1.

## I. BACKGROUND

Madeq Deandre Yazid-Mazin brings this action against the Middlesex County Prosecutor's Office, several individual prosecutors, the North Brunswick Police Department, North Brunswick Sergeant Kenneth McCormick, North Brunswick Detective James Benanti, MCACC Warden Edmond C. Cicchi, and Freeholder Ronald G. Rios, for violation of his constitutional rights under 42 U.S.C. § 1983. The case arises from Mr. Yazid-Mazin's arrest on April 6, 2013, and his indictment in July 2013 in the Superior Court of New Jersey, Middlesex County, for burglary, receiving stolen property, and resisting arrest. Although his pleading is not a model of clarity, and he has attached several unexplained documents to the Complaint,[2] this Court gleans that Mr. Yazid-Mazin claims that his 2013 arrest and pending criminal prosecution were in retaliation for the fact that, on several occasions since 2001, the New Jersey Supreme Court and the Appellate Division vacated his convictions in Middlesex County on the basis of violations of his Fourth Amendment rights.

The attachments to the Complaint and this Court's independent research reveal: (1) in 2001, the New Jersey Supreme Court reversed Plaintiff's 1998 conviction for possession of heroin with intent to distribute within 100 feet of school property in North Brunswick Township on the ground that the issuance of a no-knock search warrant violated his Fourth Amendment rights, *see State v. Johnson,* 168 N.J. 608 (2001); (2) in 2003, the Appellate Division of the Superior Court of New Jersey vacated Plaintiff's Middlesex County convictions for unlawful possession of a

---

[2] The attachments include published New Jersey court opinions concerning prior criminal prosecutions against Plaintiff, various motions, orders, and documents from Plaintiff's criminal prosecution, newspaper articles unrelated to Plaintiff concerning various Middlesex County officials, documents relating to tort and worker's compensation claims brought by Plaintiff, etc. The body of the Complaint does not explain how these documents relate to the claims raised in the Complaint.

weapon, hindering apprehension, and prior-felon in possession of a weapon charge on the ground that defense counsel was constitutionally ineffective in failing to move to suppress the seizure of the gun on Fourth Amendment grounds, *see State v. Johnson,* 365 N.J. Super. 27 (N.J. Super. Ct., App. Div., 2003); (3) after the Law Division conducted a hearing on Plaintiff's suppression motion and denied it, in 2006, the Appellate Division reversed and granted the suppression motion, *see State v. Johnson,* No. A-1041-04T4, 2006 WL 1764621 (N.J. Super. Ct., App. Div., 2006); and (4) in 2008, the New Jersey Supreme Court affirmed the Appellate Division's judgment, *see State v. Johnson,* 193 N.J. 528 (2008).

## II.  STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis.*

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for

3

failure to state a claim[3], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III. DISCUSSION

A. <u>Federal Claims</u>

Section 1983 of Title 42 of the United States Code provides a cause of action for violation of constitutional rights by a person acting under color of state law.[4] To recover under § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)).

[4] The statute provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, this Court will dismiss the Middlesex County Prosecutor's Office and the North Brunswick Police Department as defendants. A police department is not a "person" subject to suit under 42 U.S.C. § 1983. *See Draper v. Darby Tp. Police Dept.*, 777 F. Supp. 2d 850, 856 (E.D. Pa. 2011); *PBA Local No. 38 v. Woodbridge Police Dept.*, 832 F. Supp. 808, 825-26 (D.N.J. 1993). To the extent that the Middlesex County Prosecutor's Office is a governmental entity which is subject to suit under § 1983, it is entitled to absolute immunity under the Eleventh Amendment. *See Coley v. County of Essex*, 462 F. App'x 157, 161 (3d Cir. 2011); *Beightler v. Office of Essex County Prosecutor*, 342 F. App'x 829 832 (3d Cir. 2009).

This Court declines to construe these defendants as Middlesex County and North Brunswick Township, entities which are subject to suit under *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 688-90 (1978), because the Complaint does not sufficiently plead § 1983 claims against these entities. Specifically, neither the county nor the township can be found liable under § 1983 simply because they employ wrongdoers. *Id.* at 691-92; *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583 (3d Cir. 2003). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. Plaintiff asserts that Middlesex "County has a pattern of abuse with deliberate indifference, malice, slander tactics, intimidation, inadequate police training that subordinate[s'] misconduct created unreasonable constitutional seizure and search of home in violation of the proxy rights by their intentional acts,

5

and that defendant(s) was aware of risk and was deliberately indifference or indifferent to it, and that defendant[s'] conduct caused ultimate injuries." (Complaint, ECF No. 1 at 12.) However, because the Complaint does not set forth facts to support these conclusions and a court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal quotation marks omitted), this Court must disregard Plaintiff's "conclusions, [which] are not entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679; *see also Santiago v. Warminster Tp.,* 629 F.3d 121, 128 (3d Cir. 2010) ("We take as true all the factual allegations of the Third Amended Complaint and the reasonable inferences that can be drawn from them, but we disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements.") (citations and internal quotation marks omitted). As this Complaint does not "identify a custom or policy," "specify what exactly that custom or policy was," *McTernan v. City of York, PA*, 564 F. 3d 636, 658 (3d Cir. 2009), or assert facts showing a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation," *Jiminez v. All American Rathskeller, Inc.*, 503 F. 3d 247, 249 (3d Cir. 2007) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)), it does not plead a claim against Middlesex County or North Brunswick Township under the *Iqbal* standard.

This Court will also dismiss Freeholder Donald E. Rios, MCACC Warden Cicchi, and the individual prosecutors as defendants. The Complaint does not state § 1983 claims against Rios or Cicchi because Plaintiff does not assert facts showing what these defendants did to violate Plaintiff's constitutional rights. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution");

6

*Robertson v. Sichel*, 127 U.S. 507, 515-16 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs").

To the extent that Plaintiff claims that the individual prosecutors violated his rights by "pursu[ing] the indictment knowing that probable cause did not exist" (Complaint, ECF No. 1 at 12), and presenting false testimony to the grand jury, these claims will be dismissed because a prosecutor is absolutely immune from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process," including initiation of a prosecution and use of misleading or false testimony. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Rehberg v. Paulk*, 132 S.Ct. 1497, 1504 (2012); *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009); *Hartman v. Moore,* 547 U.S. 250, 262 n.8 (2006); *Moore v. Middlesex County Prosecutors Office*, 503 F. App'x 108 (3d Cir. 2012).

Mr. Yazid-Mazin's Complaint does set forth allegations concerning the conduct of defendants Police Sergeant McCormick and Detective James Benanti. He alleges that McCormick

> told Plaintiff to leave and come back in 30 minutes, since, he knew Plaintiff. However, he did not order James Benanti[,] who was a detective in prior case reversed, and demonstrated malice, bias, intentional actions of cover-up, cabal[sic,] ill will by not taking charge and ordering James Benanti to allow plaintiff freedom of movement. He, Se[]rgeant, failed in superior respondeat superior position by suborn[ing] testimony to cover misdeeds and testified falsely before the grand juries and knew genuine material facts as "hostile eye witness."

(Complaint, ECF No. 1 at 4.)

7

Plaintiff asserts that Detective Benanti violated his rights when he "said he wanted Plaintiff/claimant for the gun, since Plaintiff beat his drug charges, once the Sergeant gave orders for Plaintiff to leave premises after dressing, James Benanti, with gun drawn unlawfully, in violation of command with malice, retaliation caused Plaintiff['s] false arrest, imprisonment, cruel & unusual punishment." *Id.* Plaintiff further asserts that his rights were violated by "institution of a criminal action to penalize the Plaintiff for exercising his First Amendment right and/or 4th Amendment, or in retaliation for such exercise." *Id.* at 6. He also alleges that "Kenneth McCormick allowed James Benanti [to execute a] false arrest," after Benanti stated "I want him sergeant for the gun, since he beat the drug charges," *id.,* and that McCormick testified falsely before the grand jury. *Id.*

Plaintiff's § 1983 claim against McCormick for testifying falsely before a grand jury will be dismissed because a witness who testifies (falsely) before a grand jury has absolute immunity from any § 1983 claim based on the witness's testimony. *See Rehberg*, 132 S.Ct. at 1506; *Briscoe v. LaHu*e, 460 U.S. 325, 332-33 (1983).

This Court construes Plaintiff's additional allegations against McCormick and Benanti as an attempt to assert § 1983 claims for false arrest, retaliatory arrest, retaliatory prosecution, and malicious prosecution.[5] The problem with these claims is that Mr. Yazid-Mazin has not alleged facts showing that the police lacked probable cause to arrest and prosecute him in 2013.[6]

---

[5] Simply conducting a retaliatory investigation with a view to promote a prosecution does not state a claim under § 1983. *Cf. Hartman v. Moore,* 547 U.S. 250, 262 n.9 (2006). *Younger v. Harris,* 401 U.S. 37, 45 (1971), does not bar Plaintiff's federal claims as he is not seeking to enjoin his pending criminal proceeding. *Cf. Wallace v. Fegan,* 455 F.App'x 137, 140 (3d Cir. 2011).

[6] The Complaint is difficult to decipher, but it does not appear to describe the circumstances surrounding his arrest at all.

"Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin School Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (citations and internal quotation marks omitted); *accord Revell v. Port Authority of New York, New Jersey*, 598 F. 3d 128, 137 n.16 (3d Cir. 2010). While "[t]he probable-cause standard is incapable of precise definition or quantification," *Maryland v. Pringle*, 540 U.S. 366, 371 (2003), "all interpretations of probable cause require a belief of guilt that is reasonable, as opposed to certain." *Wright v. City of Philadelphia*, 409 F.3d 595, 601-602 (3d Cir. 2005).

To state § 1983 claims for false arrest,[7] malicious prosecution,[8] and retaliatory prosecution,[9] a plaintiff must plead and the absence of probable cause. Because Mr. Yazid-Mazin's Complaint does not allege facts showing the absence of probable cause for his arrest or prosecution in 2013, his Complaint does not assert sufficient facts to state § 1983 claims

---

[7] "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012); *see also Albright v. Oliver*, 510 U.S. 266, 274-75 (1994); *see also Virginia v. Moore*, 553 U.S. 164, 171 (2008) ("[W]hen an officer has probable cause to believe a person committed even a minor crime . . . the balancing of private and public interests is not in doubt [and t]he arrest is constitutionally reasonable.").

[8] To state a claim for malicious prosecution brought under § 1983, a plaintiff must satisfy each of the following elements: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (en banc) (internal quotation marks omitted).

[9] "[A] plaintiff in a retaliatory-prosecution action [under § 1983] must plead and show the absence of probable cause for pressing the underlying criminal charges." *Hartman v. Moore,* 547 U.S. 250 (2006).

for false arrest, malicious prosecution, or retaliatory prosecution. Accordingly, this Court will dismiss these claims for failure to state a claim upon which relief may be granted. Although neither the Supreme Court nor the Third Circuit has held that the absence of probable cause is an element of a § 1983 retaliatory arrest claim,[10] Mr. Yazid-Mazin cannot in any event prevail on this claim without establishing the absence of probable cause. This is because the Supreme Court held in 2012 that police are "immune from suit for allegedly arresting a suspect in retaliation for his [protected conduct], when the agents had probable cause to arrest the suspect for committing a . . . crime." *Reichle v. Howards,* 132 S.Ct. 2088, 2093 (2012). Because Plaintiff's Complaint does not assert facts showing the absence of probable cause for his 2013 arrest, this Court will also dismiss the § 1983 claim for retaliatory arrest. *See Primrose v. Mellot,* ___ F.App'x ___, 2013 WL 3816010 (3d Cir. July 24, 2013) (finding that, since the Third Circuit has not decided whether the logic of *Hartman* applies to retaliatory arrest claims, law enforcement officials are entitled to qualified immunity on an unconstitutional retaliatory arrest claim); *see also Pittman v. Metuchen Police Dept.,* 441 F.App'x 826, 829 (3d Cir. 2011) (holding that because there was probable cause to arrest Pittman, his claim of a retaliatory arrest does not present a genuine issue for trial).

B.  Amendment

A district court generally grants leave to correct deficiencies in a complaint by amendment. *See DelRio-Mocci v. Connolly Properties Inc.*, 672 F.3d 241, 251 (3d Cir. 2012); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Because it conceivable that Mr. Yazid-Mazin may be able to assert facts showing violation of his rights under § 1983 with respect to his 2013

---

[10] To generally assert a § 1983 retaliation claim, a plaintiff must show "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person or ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Favata v. Seidel,* 511 F.App'x 155, 158 (3d Cir. 2013) (quoting *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006)).

arrest,[11] this Court will grant him 30 days to file an amended complaint that (1) is complete on its face, and (2) asserts facts showing that each named defendant is liable for violating his constitutional rights.[12]

C. <u>Supplemental Jurisdiction</u>

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted). "A district court can decline to exercise supplemental jurisdiction in several circumstances, including a situation where 'the district court has dismissed all claims over which it has original jurisdiction,' as in this case." *Trinity Industries, Inc. v. Chicago Bridge & Iron Co.*, ___ F.3d ___, 2013 WL 4418534 *2 (3d Cir. Aug. 20, 2013) (quoting 28 U.S.C. § 1367(c)(3)). Here, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3). *See Taggart v. Norwest Mortg. Inc.*, ___ F.App'x ___, 2013 WL 4873459 at *2 (3d Cir. Sept. 13, 2013).

---

[11] Section 1983 claims for malicious and retaliatory prosecution will not accrue unless and until the criminal prosecution terminates in Plaintiff's favor. *See Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

[12] Plaintiff should be aware that he must plead facts showing that each "Government-official defendant, through the official's own individual actions, has violated the Constitution." *See Iqbal*, 556 U.S. at 676; *see also Rode*, 845 F.2d at 1207 ("A defendant in a civil rights action must have personal involvement in the alleged wrongs.")

11

## IV. CONCLUSION

This Court grants Plaintiff's application to proceed *in forma pauperis*, dismisses the federal claims, and declines to exercise supplemental jurisdiction.


                                   s/Freda L. Wolfson
                                   **FREDA L. WOLFSON, U.S.D.J.**

DATED:   October 24 , 2013